| 98 | 393 |
|-----|-----|
| 104 | 519 |
| 98 | 393 |
| 106 | 661 |
| 98 | 393 |
| 139 | 3 34 |

# WILLIAM T. POWERS v. THE CITY OF GRAND RAPIDS.

*Municipal corporations—Public improvements—Assessments.*

1. The right to assess land for a local improvement does not depend upon the use to which the owner may choose to put such land, or whether he may see fit to put it to any use.

2. The measure of the benefit, if any, acquired by a parcel of land by a public improvement is, under the charter of the city of Grand Rapids, for the common council, and board of review and equalization, who are by the charter constituted commissioners to make the assessment, to determine.

3. Municipal officers who are charged with the duty of determining the district benefited by a public improvement, and making the assessment thereon, will be presumed to have acted in good faith, and to have exercised correctly the discretion reposed in them; and, where mistake or abuse of discretion is not manifest or demonstrable, their determination is not reviewable by the courts.

4. Complainant is the owner of the river front on each side of the western terminus of Bridge-street bridge (which spans Grand river in the city of Grand Rapids, and connects east and west Bridge streets), and has constructed, and maintained for some time, between the dock line and the original river bank, a canal, which is used to furnish power to factories in the vicinity. Over the east bank of the canal, on the south side of and facing the bridge, complainant has erected a brick building, and upon his application the common council caused the removal of the south rail of the bridge, thus giving access to the building from the southerly footway of the bridge, and which building is also accessible from West Bridge street *via* an intersecting street, and a private bridge erected by the complainant over the canal in the rear of said building. The land in question was assessed on account of the expense of paving West Bridge street, and complainant objects to the assessment on the ground that the land is in the bed of the river, and does not abut upon and is not accessible from said street; which objection is held untenable.

Appeal from superior court of Grand Rapids. (Burlin-

game, J.)ʼ Argued November 2, 1893. Decided January 9, 1894.

Bill to remove cloud from title. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*More & Wilson,* for complainant, contended:

1. The action of the Legislature or municipality in the exercise of the power to levy local assessments to defray the cost of local improvements will not ordinarily be reviewed or interfered with by the courts. So long as the action of these bodies is based upon the fundamental principle upon which alone such assessments can be justified, namely, that the district assessed be limited to such lands as are specially and peculiarly benefited by the improvement, it will stand unquestioned; but, when their action departs so far from that principle that the assessment amounts to confiscation, the courts will intervene to protect the rights of the individual; citing *Williams v. Mayor,* 2 Mich. 560; *Woodbridge v. City of Detroit,* 8 Id. 274; *Motz v. City of Detroit,* 18 Id. 495; *Hoyt v. City of East Saginaw,* 19 Id. 39; *Thomas v. Gain,* 35 Id. 155; *Clay v. City of Grand Rapids,* 60 Id. 451; *City of Detroit v. Daly,* 68 Id. 503; *Washington Avenue,* 69 Penn. St. 352; *Seely v. City of Pittsburgh,* 82 Id. 360; *Craig v. City of Philadelphia,* 89 Id. 265; *City of Philadelphia v. Rule,* 93 Id. 15; *City of Scranton v. Coal Co.,* 105 Id. 445; *Tide Water Co. v. Coster,* 18 N. J. Eq. 518; *Provident Institution v. Allen,* 37 Id. 36; *State v. Mayor,* 37 N. J. Law, 415; *State v. Fuller,* 39 Id. 576; *Culver v. Jersey City,* 45 Id. 256; *Preston v. Roberts,* 12 Bush, 570; *City of Chicago v. Larned,* 34 Ill. 203; *City of Ottawa v. Spencer,* 40 Id. 211; *McBean & Co. v. Chandler,* 9 Heisk. 349; *City of Norfolk v. Chamberlain,* 16 S. E. Rep. 730.

*William Wisner Taylor,* for defendant.

McGRATH, C. J. One of the east and west streets of the city of Grand Rapids extends across Grand river. West of the river, it is known as "West Bridge Street," and on the other side as "East Bridge Street." A bridge extending from bank to bank connects the two sections. The westerly terminus of the bridge is about 125 feet

west of the dock line. The street is 66 feet in width, but the bridge is but 42 feet wide over all. The roadway in the center of the bridge is 24 feet wide, and there is a foot passageway 8 feet wide on each side. Complainant owns the river front on each side of the western terminus of the bridge, and has constructed and maintained for some time, between the dock line and the original river bank, a mill race, which is used to furnish power to factories in the vicinity. Over the east bank of this race or canal, on the south side of the bridge, complainant has built a brick building, which faces the bridge; and upon application to the common council that body caused the removal of the south rail of the bridge, giving complainant access to said building from the southerly footway of said bridge. Complainant has constructed a private bridge over the race, giving him access to the rear of said building from Front street, which runs north and south near the westerly terminus of the bridge, and intersects West Bridge street.

The common council, in April, 1891, declared the paving of West Bridge street, from the west line of Jefferson street to the bridge, a necessary public improvement. The contract was let, and the work done. The council fixed the assessment district as follows:

"All lots, parts of lots, and pieces of land included within the west line of said Jefferson street and the dock and building line on the west side of said river, as established by the Legislature of the State of Michigan, and extending back from said West Bridge street, on either side thereof, a distance of 132 feet, excepting from said described district all public streets and alleys."

The district so fixed includes land owned by complainant lying north and south of the bridge between the westerly bank of the canal and the dock line. The board of review and equalization made the assessment, and the roll was reported to and confirmed by the council after all parties

were heard. Complainant failed to pay his assessment, and these parcels of land were sold to the city, and this bill is filed to set aside such sale, and remove the cloud from complainant's title. The court below dismissed the bill, and complainant appeals.

All the proceedings are admitted to be regular, but it is insisted that these parcels do not abut upon the street; that the land assessed is in the bed of the river, and is not accessible from the street in question. Other parcels of land within the same assessment district do not abut upon this street. Although, in their present condition, these parcels are not accessible by teams immediately from the street, they are or may be accessible for foot passengers, and the street is used in passing to and from them. The west line of both parcels is west of the westerly terminus of the bridge; there is 12 feet of street space both north and south of the bridge; and both parcels may be made accessible from this very street. The lands are owned and held by complainant, are for the most part occupied by him, and devoted to his choice of uses, and the public is excluded as virtually as if a wall were built at the dock line. They are not a part of the river bed, in the sense that the public has a right of way over them.

The right to assess lands for local improvements does not depend upon the use to which the owner may choose to put such land, or whether he may see fit to put it to any use. The charter expressly provides that the benefits shall be assessed upon the owners or occupants of taxable real estate in proportion, as nearly as may be, to the advantage which such lot or parcel is deemed to derive from the improvement. It cannot be said that the improvement does not benefit complainant's property, and the measure of that benefit is for the council and commissioners. These officers acted within the scope of their powers, and the record contains no evidence of fraud, cor-

rupt motive, or intentional favoritism. The presumption is that, in making the district and the assessment, the officers of the municipality acted in good faith, and have correctly and faithfully exercised the discretion reposed in them. In such case, where mistake or abuse of discretion is not manifest or demonstrable, the determination of the municipal officers in whom such discretion is vested is conclusive, and it is not reviewable by the courts. 1 Dill. Mun. Corp. § 94.

The decree of the court below is affirmed, with costs to defendant.

The other Justices concurred.