AUDITOR GENERAL *v.* KONWINSKI.

1. MUNICIPAL CORPORATIONS—IN PROCEEDINGS FOR SALE OF LAND DELINQUENT FOR TAXES IT MAY NOT BE URGED THAT EQUITY WILL NOT AFFORD RELIEF, NOR MAY LACHES BE URGED. .

In proceedings instituted by the auditor general for the sale of land delinquent for taxes, where the objectors are brought into court and given an opportunity to contest the validity of the proceedings, it may not be urged that equity will not afford them relief, or that they have been guilty of laches.

2. SAME—ALTHOUGH CONSTITUTIONAL RULE OF UNIFORMITY DOES NOT APPLY TO SPECIAL ASSESSMENTS, THEY MUST BE LAID UNDER UNIFORM PLAN.

The constitutional rule of uniformity of taxation (article 10, § 3) does not apply to special assessments. but when a public

On validity of apportioning special assessments for public improvements by front foot rule, see annotation in 17 L. R. A. 330; 28 L. R. A. (N. S.) 1124; L. R. A. 1917 D, 372.

burden by way of special assessment is laid it must be laid under some uniform plan, since citizens are entitled to the equal protection of the law, and their property may not be taken without due process.

3. SAME—ASSESSMENTS FOR PAVING ON FRONTAGE BASIS APPROVED ON THEORY THAT ALL ABUTTING OWNERS ARE TREATED ALIKE.
   While the Supreme Court has uniformly sustained the validity of assessments for paving on the frontage basis, this has been upon the theory that such method treated all abutting owners alike and was an equitable distribution of the burden.

4. SAME—SPECIAL ASSESSMENT FOR PAVING INVALID WHERE UN-EQUAL.
   A special assessment for paving a street, levied by a village incorporated under 1 Comp. Laws 1915, § 2555 *et seq.*, made on the "foot-front" plan, and observing the provisions of section 2708, limiting assessments to 25 per cent. of the valuation, is invalid and unenforceable where it has the effect of assessing one abutting lot four times the assessment of another abutting lot of equal frontage.

Appeal from Iron; Flannigan (Richard C.), J. Submitted June 13, 1928. (Docket No. 115, Calendar No. 33,361.) Decided October 1, 1928.

Petition by Oramel B. Fuller, auditor general, for the sale of land delinquent for taxes: On objections filed by Joseph Konwinski and others as to the validity of the assessments. From a decree for plaintiff, defendants appeal. Reversed, and decree entered for defendants.

*Leigh C. Caswell,* Prosecuting Attorney, and *Leonard P. Diederichs,* City Attorney (*L. A. Lyon,* of counsel), for plaintiff.

*August J. Whaffen* and *Martin S. McDonough,* for defendants.

FELLOWS, J. In this case the validity of assessments levied in 1919 for paving a street in the (then)

village of Iron River is involved. The village was incorporated and acting under Act No. 3, Pub. Acts 1895 (1 Comp. Laws 1915, § 2555 *et seq.*). The assessment was made on the "foot-front" plan, and the provisions of section 2708 limiting assessments to 25 per cent. of the valuation were observed, resulting in the assessment against objectors' property being considerably in excess of other property abutting on the street having the same frontage and area. The validity of such provision as applied to assessments made on the frontage basis presents the important question in the case.

In this proceeding instituted by the auditor general the objectors are brought into court and are given an opportunity to contest the validity of the proceedings. It cannot be here urged that equity will not afford relief to them, nor can it be here urged that they have been guilty of laches. *Auditor General* v. *Calkins,* 136 Mich. 1; *Auditor General* v. *Bishop,* 161 Mich. 117; *Auditor General* v. *Johns,* 190 Mich. 601. The constitutional rule of uniformity of taxation (art. 10, § 3) does not apply to special assessments. *City of Detroit* v. *Weil,* 180 Mich. 593, and authorities there cited, but this and other courts agree that when a public burden by way of special assessment is laid, it must be laid under some uniform plan. Citizens are entitled to the equal protection of the law, and their property may not be taken without due process of law.

This court has uniformly sustained the validity of assessments for paving on the frontage basis. This has been upon the theory that such method treated all abutting owners alike and was an equitable distribution of the burden. Most of the other courts are of like accord, but see *Norwood* v. *Baker,* 172 U. S. 269 (19 Sup. Ct. 187). The act for the

incorporation of villages permits assessments on the frontage basis (section 2710), but the section before us, by the use of an arbitrary yardstick, inhibits either an assessment by frontage or by any other method for the assessment of benefits exceeding "twenty-five per cent. of the value of such lot or land, as valued and assessed in the last preceding tax roll." The officers have no discretion. Although they may conscientiously believe a lot is benefited beyond that figure, or the frontage rate paid by others may exceed that figure, still the officers' hands are tied; they may not treat all lot owners alike; they may not make an equitable distribution of a public burden. As a result of the application of the provision under consideration, the properties of some of the objectors are assessed twice the amount of property of other abutting owners with the same frontage, and the record discloses one abutting lot assessed over four times the assessment of another abutting lot of equal frontage. May a law which not only permits but imperatively commands such results be sustained? We think not. In *City of Detroit* v. *Daly,* 68 Mich. 503, it was held (quoting from the syllabus):

"Every valid assessment must be based on some legally ordained basis of apportionment, and not arbitrarily. The charge, whether based on supposed benefits or any other legal burden, must be spread over the taxing district according to some uniformly applied rule, and in such a way as to show a compliance with that rule, whatever it may be."

In *City of Manistee* v. *Harley,* 79 Mich. 238, it was said by Mr. Justice CAMPBELL, speaking for the court:

"It is a principle without exception that where a person is held liable for his special share of a public

burden, it must be determined by some form of assessment whereby the burden is distributed, on some uniform basis, among the persons or property that ought to contribute.''

In 4 Dillon on Municipal Corporations (5th Ed.), p. 2567, after referring to the power of the legislature to prescribe the method of making special assessments, it is said:

* * * ''But the decided tendency of the later decisions, including those of the courts of New Jersey, Michigan, and Pennsylvania, is to hold that the legislative power is not unlimited, and that these assessments must be apportioned by some rule capable of producing reasonable equality, and that provisions of such a nature as to make it *legally impossible* that the burden can be apportioned with proximate equality are arbitrary exactions and not a legitimate exercise of legislative authority or of the taxing power.''

If we were considering the question as one of first impression, we would unquestionably hold the legislation invalid. But we are undoubtedly committed to such result by what was said in *Cote* v. *Village of Highland Park,* 173 Mich. 201. In that case the local act followed the general act of 1895, and the language now before us was then before the court. The assessments were there made substantially as in the instant case. Stating the question then before the court, it was said by Mr. Justice STEERE, speaking for the court:

''The serious and important questions presented by the record and argued by counsel are: Were the statutory provisions governing special assessments in Highland Park complied with? If so, is an assessment by such method legal when, purporting to be levied according to frontage, it puts a greater

proportionate burden on improved property than on adjoining unimproved property, the former having a greater assessed value on account of buildings thereon and the estimated foot-front tax on the latter being reduced because it exceeds 25 per cent. of the assessed valuation? Is Act No. 707 of the Local Acts of 1907 valid?''

We quote at some length excerpts from what was there said in considering the question of the validity of the act:

''It is apparent that in levying this assessment said Local Act No. 707 was followed and the requirements of the general act were observed, in so far as the amount to be levied and the condition of the property to be assessed permitted. Attention was also paid to, and an attempt made to comply with, the various requirements of all statutory provisions, the combined result of which is an assessment purporting to be according to the foot-front rule and proportionate to the benefits, but in truth violating the letter and spirit of such rule, and imposing an excessive assessment on improved lots in proportion to benefits received.   *   *   *   The whole tenor of the law upon that subject is to maintain an equal foot-front assessment on all property, equitable and proportionate to benefits, with a discretion given the assessing authorities to assess for a less number of feet, but at the regular price per foot in cases where justice and equity demand it. In this case such discretionary power was not exercised. The inequality of assessment does not arise because of the peculiar shape or size of any lot. All lots were assessed according to their actual frontage upon the street, but at a varying amount per foot. This was not done in the exercise of discretionary power given the assessing officers to vary the rule in special cases to avoid inequalities and inequities, but was in compliance with mandatory provisions of said Local Act

No. 707, which prohibits a special assessment against any lots exceeding 25 per cent. of their assessed valuation, irrespective of relative equities or proportionate benefits from the proposed improvements. This is subversive of the basic principles of special assessments according to benefits, unless construed to mean that in no case can such an amount be assessed against a district for improvements as would result in the proportion against any particular lot exceeding 25 per cent. of its assessed valuation.
\* \* \*

"We are of opinion that the assessing officers painstakingly formulated the questioned assessments in conformity with the statutes, so far as their somewhat conflicting provisions permitted, and that the manifest inequalities are imputable to the requirements of said Local Act No. 707. This renders it incumbent on the court to consider the objections launched against the constitutionality of said act.

"As already intimated, results which follow compliance with certain requirements of the act so tincture the law with the essence of unconstitutionality as to render it invalid."

It was also held that the local act then before the court was invalid by reason of defective title.

Upon reason and authority it should be held that the special assessment, as it affects objectors' property, was invalid and cannot be enforced.

The decree appealed from will be set aside and one here entered in accordance herewith. Objectors will recover costs against the city of Iron River.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.