PETZ *v.* GAINES.

1. APPEAL AND ERROR—EQUITY—HEARING DE NOVO.
    Hearing on appeals in equity cases is *de novo.*

2. SAME—EQUITY—WAIVER OF EXCEPTIONS TO FINDING OF FACTS—
    RECORD.
        A waiver of exceptions of counsel to finding of facts made by
        circuit court commissioner in chancery case on direction of
        circuit court is not binding upon Supreme Court which hears
        such a case *de novo,* when the record contains no evidence to
        support the finding made.

3. MORTGAGES—ASSUMPTION OF LIABILITY BY GRANTEE.
        A mere recital that the premises are subject to a certain mort-
        gage, or that the mortgage is excepted from the grantor's cov-
        enant or warranty, is not an assumption of the debt by the
        purchaser, unless the intention to assume the payment other-
        wise appears in the deed.

4. SAME—SALE BY MORTGAGOR SUBJECT TO MORTGAGE—ASSUMPTION
    OF LIABILITY BY GRANTEE—SUBROGATION.
        In mortgagors' suit against their grantee to have a vendor's lien
        decreed upon premises, they had sold, for amount due upon
        mortgage and note it secured, bill is dismissed, where mort-
        gagee had never released plaintiffs from obligation and there
        has not been effected a legal subrogation from mortgagee to
        plaintiffs of claim against defendant who purchased property
        subject to the mortgage without anything being said as to
        assumption of the mortgage obligation.

Appeal from Wayne; Dingeman (Harry J.), J.
Submitted October 13, 1938. (Docket No. 11, Calen-
dar No. 40,138.) Decided November 10, 1938.

Bill by John Petz and wife against Claude B.
Gaines, an alleged spendthrift, to have decreed an

unpaid vendor's lien and for other relief. Decree for plaintiffs. Defendant appeals. Reversed.

*Frederick Goodell,* for plaintiffs.

*Bland A. Pugh,* for defendant.

SHARPE, J.   Prior to June 24, 1929, plaintiffs were the owners in fee of certain real estate located in the city of Detroit.   On July 3, 1929, Claude B. Gaines and wife became the owners of the vendees' interest in a certain land contract for the sale of said premises.   At the time of the purchase of said land contract by Gaines and wife, there was a balance owing under said contract of $18,638.21.   On June 24, 1929, and prior to the time that Gaines and wife became the owners of the vendees' interest in said land contract, the plaintiffs executed and delivered a mortgage on said premises to the Detroit Savings Bank in the sum of $10,000 which was due and payable in full on June 24, 1932.

On August 15, 1929, plaintiffs executed a deed to the above premises to Gaines and wife subject to said mortgage, the consideration of which was $6,323.73. At the time of the above sale to the defendants, plaintiffs did not secure a release from the bank of their obligation upon the mortgage and note for $10,000.   Prior to August 6, 1936, plaintiffs carried a savings account in the Detroit Savings Bank in the sum of $2,604 and on said date the bank advised plaintiffs by letter of their liability in connection with the said note and mortgage and later informed them that said account was being held to apply on the indebtedness due the bank on the unpaid balance of the mortgage and note.   The mortgage is past due and the amount owing on said

mortgage as of June 1, 1937, is the sum of about $9,300.

October 5, 1936, plaintiffs filed a bill of complaint in the chancery court of Wayne county against defendant, Mrs. Gaines having died prior to this date, in which they seek to have decreed an unpaid vendor's lien upon said premises in the amount due upon said mortgage and note. The trial court entered a decree as of December 8, 1937, granting plaintiffs a vendor's lien upon the premises. Defendant appeals and contends that the court was in error in finding that at the time of the execution and delivery of the warranty deed by plaintiffs to defendant, defendant assumed and agreed to pay the balance due on said mortgage to the Detroit Savings Bank as a part of the balance of the purchase price of said lands bought from the plaintiffs. It is the claim of plaintiffs that defendant's attorney having waived objections to the commissioner's finding of facts, defendant is now estopped to deny that the findings were correct.

It appears from the record that when the cause was submitted to the trial court, an order was entered directing a circuit court commissioner to make a finding of facts and law applicable thereto; that the circuit court commissioner made such a finding; that appellant through his attorney waived exceptions to the finding of facts; that subsequent to the finding of facts by the commissioner an amended bill of complaint was filed to conform to the finding of facts; and that an answer was filed to the amended bill of complaint, the substance of which was a denial that defendant assumed and agreed to pay the mortgage.

It is well established that on appeal to the Supreme Court from a chancery decree, we try the case

*de novo. Robinson* v. *Robinson,* 275 Mich. 420; *Snider* v. *Schaffer,* 276 Mich. 92; *Detroit Trust Co.* v. *Hartwick,* 278 Mich. 139; *In re Dissolution of the Lapeer Farmers Mutual Fire Ins. Ass'n,* 280 Mich. 363. The waiver of counsel for defendant as to exceptions to the finding of facts is not binding upon this court when the record contains no evidence to support the finding.

The rule seems well settled that personal liability on the part of a grantee is created only by his distinct assumption of the debt or contractual obligation to pay it.

In 41 C. J. p. 722, it is said:

"A mere recital that the premises are subject to a certain mortgage, or that the mortgage is excepted from the grantor's covenant or warranty, is not an assumption of the debt by the purchaser, unless the intention to assume the payment otherwise appears in the deed."

In *Barnard* v. *Huff,* 252 Mich. 258 (77 A. L. R. 259), we said:

"A bare conveyance of the land or a bare assignment of the contract imposes no obligation on the grantee or assignee to pay the debt."

We are unable to agree with the findings of the trial judge in relation to the assumption of the mortgage by defendant. The warranty deed from the plaintiffs to the defendant fails to show that defendant assumed and agreed to pay the mortgage. The record shows that when the defendant paid the money and received the deed there was nothing said about the mortgage.

John Petz, one of the plaintiffs, testified:

"I went over to his house (Dr. Gaines') and he had a certified check there. He had the deed all

made out. I read the deed through and I didn't notice anything about the mortgage, never thought of the mortgage at the time, and my wife and I signed the deed.''

The record shows that the bank still holds the mortgage. There has been no legal subrogation from the bank to plaintiffs, consequently, no legal claim of plaintiffs as against defendant.

The decree of the circuit court is reversed and the bill dismissed. Defendant may recover costs.

WIEST, C. J., and BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.