FOREN *v.* CITY OF ROYAL OAK.

BOYD *v.* SAME.

BARRY *v.* SAME.

1. HIGHWAYS AND STREETS—FINDING OF COURT—INJUNCTION—NE-
CESSITY.

Record in suit to enjoin proposed construction of pavement and
curb *held*, to support trial court's finding that the proposed
improvement was a necessity to make the street a passable
means of access to the increasing traffic occasioned by the
construction of 25 new homes on a subdivision along the street.

2. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—WIT-
NESSES—CONCLUSION OF TRIAL COURT.

The Supreme Court, in its *de novo* hearing of a chancery case, is
not controlled by the conclusions of the trial court, although it
recognizes the advantages possessed by that court in seeing
and hearing the witnesses.

3. HIGHWAYS AND STREETS—PAVEMENT—CURBS—ENHANCEMENT OF
VALUE—EVIDENCE.

Plaintiffs, owners of corner lots and a lot which might front on
another street in the future, *held*, not to have shown their
lots would not be benefited by proposed construction of
pavement and curbing on side street, where enhancement of
value is obvious from the record, notwithstanding contrary
testimony impelled trial court to a different conclusion.

4. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENT—ASSESSMENT—
ENHANCEMENT OF VALUE.

The special benefits of lands assessed for a public improvement,
need not necessarily be measured solely by the enhanced value
of the lands so assessed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur, Highways §§ 60, 102.
[2] 3 Am Jur, Appeal and Error § 895 *et seq.*
[5] See, generally, 25 Am Jur, Highways § 609.
[6] 25 Am Jur, Highways § 145.

5. HIGHWAYS AND STREETS—CURBS—ASSESSMENT ON A FRONTAGE
   BASIS—DISTRIBUTION OF BURDEN.
   Assessment for paving and curbing a street on a frontage basis
   constitutes an equitable distribution of the burden, as it treats
   all abutting owners alike.

6. INJUNCTION—VESTED RIGHTS—PAVEMENT OF SIDE STREET.
   Plaintiffs who failed to show a vested or other right to the
   preservation of trees, walls or grade levels as they now exist
   in the right-of-way on side street *held,* not entitled to enjoin
   pavement and curbing of such street.

Appeal from Oakland; Holland (H. Russel), J. Submitted April 12, 1955. (Docket Nos. 60–62, Calendar Nos. 46,448–46,450.) Decided June 6, 1955.

Bill by Cecil Foren and Zilpha Foren against the City of Royal Oak, a municipal corporation, and its treasurer, to enjoin pavement and collection of special assessment therefor. Similar actions by Elvira Boyd and by Carl S. Barry and Marguerite S. Barry. Cases consolidated for trial and appeal. Decrees for plaintiffs. Defendants appeal. Reversed and decree dismissing bills ordered.

*Dell & Heber* (*Harry N. Dell,* of counsel), for plaintiffs.

*Glenn C. Gillespie* and *William C. Hudson,* City Attorney, for defendants.

DETHMERS, J. Defendants appeal in each of the 3 combined cases from decree adjudging void a special assessment levied against plaintiffs' properties for proposed construction of curb and pavement and enjoining such construction and collection of the tax. The street to be improved is that portion of Orchard View drive extending west for approximately 2,500 feet from its intersection with an improved street known as Main. Plaintiffs Foren and

Boyd own, respectively, large corner plots on either side of Orchard View drive immediately west of and fronting on Main. Plaintiffs Barry own large plots on both sides of Orchard View drive immediately behind or to the west of the lands of the other plaintiffs. The curb and paving project was divided originally into 2 special assessment districts. One included the property of plaintiffs and the other consisted of all the lots to the west thereof abutting on the proposed improvement. Plaintiffs brought this suit, alleging irregularities in the proceedings for levying the assessment. Thereafter defendant city abandoned those proceedings and began anew, including both districts into 1 new assessment district in which the cost of the improvement was levied as a special tax against abutting properties equally on the basis of footage thereon. Adopting the theory of the plaintiffs' supplemental bills of complaint which were then filed, upon hearing had thereon, the trial court held the assessment void as against plaintiffs' properties on the ground that they would not be specially benefited by the proposed improvement.

Plaintiffs built their homes on their respective properties over 30 years ago. Until recently the area remained rustic in appearance and rural in character and the land west of plaintiffs was undeveloped. Orchard View drive was a gravel road, oiled by plaintiffs opposite their properties, and, in the past, generally adequate to needs, although occasionally impassable. Shortly before suit the lands to the west of plaintiffs' properties abutting on Orchard View drive were subdivided and developed into 37 lots and 25 homes were built thereon. The court found and the record establishes that the type of proposed improvement is a necessity to make Orchard View drive a passable means of access to

Main street, available to the increasing traffic occasioned by the mentioned new development.

Plaintiffs called a realtor-appraiser as an expert witness. He testified that the properties of Boyd and the Forens would not be enhanced in value by the paving because their homes face on Main street, Orchard View being but a side street for them. He testified that the Barry property would not be enhanced in value by the improvement because the house thereon faces east and would naturally front on a street known as Washington, to the south, if it ever were extended to pass along the east side of Barrys' property; and, further, that Barrys' plot would be decreased in value to the extent of $1,600 by the paving because it would necessitate the removal of trees in the street and a stone wall on it and the raising of the level of the street grade, with the result that a fill would be necessary on the Barrys' property to put it in the same relation to the new street-grade level that it now has to the present street level, and because the paving would occasion heavier traffic on Orchard View drive, causing it to pass only slightly over 20 feet from the house. The trial court made a finding of facts with respect to benefits and detriments strictly in accord with this testimony, despite the testimony of 2 other realtors to the effect that each of the properties would be enhanced in value by the paving in an amount equal to or greater than the resulting assessments against them. Persuasive to the trial court, also, appears to have been its finding of fact that:

"It is obvious from the facts and circumstances given in evidence as well as from the history of the formation of the present District No 1171, reflected by the pleadings and stipulation of facts, that all of this property of the plaintiffs is an entirely different category from that on the west end of Orchard

View drive. This difference was recognized by the defendant city at first by having plaintiffs' property in a special assessment district by itself. After the regularity and propriety of District No 1158 (see paragraph 8 of stipulation for extent of District No 1158) were questioned by plaintiffs their property was placed in a district with properties to the west, the owners of which greatly and understandably desired the paving of the street. Although the city's technical right to abandon the 'two sections' or districts and to combine them into the one, District No 1171, is not open to question, this fact alone evidences the fact that properties on one end of the street were combined with properties on the other end so that one end might, independent of kindred facts, circumstances and benefits, carry the other end."

We hear chancery cases *de novo*. *Petz* v. *Gaines,* 286 Mich 450. In so doing we recognize the advantages possessed by the trial court in seeing and hearing the witnesses and are aided by its conclusions as to the facts, but are not controlled thereby. *Hawthorne* v. *Dunn,* 210 Mich 176. On the record we are unable to agree with the trial court's conclusion, evidently based on the appraiser's opinion, that plaintiffs' properties would not be specially benefited by the paving merely because 2 of them fronted on another street and the third would front on a street which might some day be extended past it, or because it was not the plaintiffs, but the owners of lots to the west of them, who desired and needed the improvement in furtherance of their intended use of their properties. The Forens' property runs along Orchard View for 496 feet; Boyd's 507 feet, and Barrys' 680 feet. The fact, if it be a fact, that plaintiffs may not wish to subdivide their plots or to use Orchard View as a means of access thereto does not obviate the fact that the paving would make such action more convenient and possible and

enhance the value of their properties accordingly. Pictures and testimony in the record establish that paving of the dirt road would definitely have that effect. The use to which plaintiffs may put their properties now or may wish to put them in the future is not controlling of the question of resulting benefits or validity of the assessment. *Powers* v. *City of Grand Rapids,* 98 Mich 393. Nor is the measure of special benefits to the properties solely that of the enhanced values thereof. *Oakland County Drain Com'r* v. *City of Royal Oak,* 325 Mich 298 (11 ALR2d 1122).

"This Court has uniformly sustained the validity of assessments for paving on the frontage basis. This has been upon the theory that such method treated all abutting owners alike and was an equitable distribution of the burden." *Auditor General* v. *Konwinski,* 244 Mich 384, 386.

In hearing this case *de novo* the question confronting us on this record is not so much one of the credibility of witnesses or the truth of testimony as to facts, as determined by the trial court, but, rather, of the accuracy or soundness of the opinions of witnesses and conclusions of the trial court concerning the benefits to plaintiffs' properties to result from the paving. The fact that the trial court deemed plaintiffs' witness a more skillful appraiser than the 2 who testified for defendants and apparently adopted his opinion accordingly does not impel us to close our eyes to the obvious benefits to plaintiffs' properties, as to which proofs scarcely needed to be adduced.

Reasons nowhere appear, either in the pleadings, testimony, trial court's opinion, or plaintiffs' brief, why construction of the curb and pavement should be enjoined. Plaintiffs have shown no vested or other right to the preservation of trees, walls or grade levels as they now exist in the right-of-way.

A decree may enter here dismissing plaintiffs' bills of complaint.   Costs to defendants.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.