BRILL *v.* CITY OF GRAND RAPIDS.

1. Taxation—Public Improvements—Special Assessments.

Special assessments are made on the theory that a portion of the community is to be specially and peculiarly benefited, in the enhancement of the value of property peculiarly situated, by a public improvement; and they demand that special contributions be made by the persons receiving these benefits, since their property is being increased in value by at least the amount of the special assessment.

2. Evidence—Special Assessments—Presumptions

Presumptions that special assessment of real property was made in good faith by lawful action and after considerate creation

REFERENCES FOR POINTS IN HEADNOTES

[1] 48 Am Jur, Special or Local Assessments §§ 1, 2.
[2] 48 Am Jur, Special or Local Assessments § 4.
[3] 31 Am Jur 2d, Expert and Opinion Evidence § 181.
[4] 53 Am Jur, Trial § 674.
[5] 53 Am Jur, Trial § 596.
[6] 48 Am Jur, Special or Local Assessments § 23.
[7] 5 Am Jur 2d, Appeal and Error § 1009.

of the assessment district cannot withstand established facts to the contrary, but the contrary must be proved by a preponderance of the evidence.

3. SAME—OPINION TESTIMONY—WEIGHT.

Opinion testimony based on assumption rather than on fact established by proof may not be given the effect of outweighing positive testimony.

4. SAME—QUALITY OF EVIDENCE—WEIGHT.

It is the duty of a trial judge to weigh evidence and evaluate it as to quality, not merely to compare the number of witnesses produced by the 2 sides.

5. SAME—WEIGHT.

Conclusion of trial judge that defendant's experts gave better and more reliable testimony than plaintiffs' witnesses regarding value of certain property, and that plaintiffs did not establish their position by preponderance of the evidence *held,* supported by the record.

6. TAXATION—SPECIAL ASSESSMENT—PECULIAR BENEFIT.

A peculiar benefit from improvement for which special assessment is made attaches to real property itself and present use of the property does not control the question of peculiar benefit.

7. COSTS—PUBLIC QUESTION.

No costs are awarded on appeal in action to prevent collection of a special assessment on plaintiffs' property on ground that plaintiffs' property received no special benefit from a public improvement and thus should not be liable for a special assessment, a public question being involved.

Appeal from Kent, Searl (Fred N.), J. Submitted Division 3 April 3, 1968, at Grand Rapids. (Docket No. 3,007.) Decided June 28, 1968. Leave to appeal granted October 23, 1968. See 381 Mich 784.

Complaint by Robert H. Brill, and others, against the city of Grand Rapids, a municipal corporation, and Simon J. De Boer, city treasurer for the city

of Grand Rapids, for an injunction against a city special assessment levied against plaintiffs' property. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Warner, Norcross & Judd* (*J. M. Neath, Jr.* and *George L. Whitfield,* of counsel), for plaintiffs.

*Hillman, Baxter & Hammond,* and *Rhoades, McKee & Boer,* for defendants.

ZIEM, J.  Plaintiffs sought an injunction against a city special assessment levied against abutting properties connected with the widening of Burton street in the city of Grand Rapids. The complaint alleges that no special benefits were conferred. The trial court found for the defendants. Plaintiffs claim that the trial court erred in concluding that defendants' experts demonstrated a factual basis for their conclusions which were determinative of the issues before the court. Defendants assert that the plaintiffs failed to produce a preponderance of the evidence to support their claim of no benefit to abutting property owners. An additional issue is presented as to whether there was competent evidence to support the trial court's finding of special benefits from the improvement to the plaintiff Calvin College's property.

This was a 9-day trial in which there were some 48 witnesses called; 83 exhibits were entered into evidence; and 1,197 pages of testimony were taken. Plaintiffs introduced the testimony of a large number of witnesses, most of whom were directly interested in the outcome of the action, as persons ultimately liable for the assessment.

On the subject of value, the city relied upon the testimony of city officials as to the nature and con-

dition of the street before and after the improvement and the nature of the improvements made, the cross-examination of the plaintiffs' witnesses, and upon the testimony of two expert witnesses. The defendants' experts had studied Burton street specifically, both before and after the improvement, to determine the effect of the improvements upon both the salability and the price of the properties along Burton street. The facts obtained from these before and after studies, as well as the opinions of these witnesses, were put in evidence in detail. None of the plaintiffs' witnesses attempted to make such before and after studies.

The trial judge had the benefit of trial briefs followed by oral arguments. Prior to rendering his opinion, he re-examined his extensive notes on the testimony and the exhibits, considered everything which had been presented, and rendered an excellent and well reasoned 42-page opinion. Judge Searl, in his opinion, discussed the applicable legal principles, and considered the plaintiffs' witnesses in four groups: (1) the plaintiffs who were lay witnesses, (2) the plaintiffs who had expert qualifications, (3) the real estate brokers or salesmen, and, (4) the witnesses who were not residents of the county, but who testified as expert witnesses in traffic engineering and city planning. The court carefully analyzed all the testimony, gave reasons for its conclusions, and decided that the plaintiffs had not established by the preponderance of the evidence that the disadvantages outweighed or equaled the advantages. On the contrary, the trial court found the advantages outweighed the disadvantages, and the plaintiffs' properties had been enhanced in value substantially by the total improvement.

The law governing this case is not in serious dispute and is set forth in *Fluckey* v. *City of Plymouth* (1960), 358 Mich 447, 453, 454.

"The general levy of taxes is understood to exact contributions in return for the general benefits of government, and it promises nothing to the persons taxed, beyond what may be anticipated from an administration of the laws for individual protection and the general public good. Special assessments, on the other hand, are made upon the assumption that a portion of the community is to be specially and peculiarly benefited, in the enhancement of the value of property peculiarly situated as regards a contemplated expenditure of public funds; and, in addition to the general levy, they demand that special contributions, in consideration of the special benefit, shall be made by the persons receiving it. The justice of demanding the special contribution is supposed to be evident in the fact that the persons who are to make it, while they are made to bear the cost of a public work, are at the same time to suffer no pecuniary loss thereby; their property being increased in value by the expenditure to an amount at least equal to the sum they are required to pay."

The real question raised by plaintiffs is, whether the evidence preponderates in favor of a finding that there were no additional benefits to the property of the plaintiffs over and above that conferred upon the general public.

The defendant city stands upon the presumption of good faith, lawful action, and considerate creation of the assessment district. Such presumption cannot withstand established facts to the contrary. (*Dix-Ferndale Taxpayer's Association* v. *City of Detroit* (1932), 258 Mich 390, 395.) The burden, however, to prove to the contrary by a preponderance of the evidence rests with the plaintiff.

The proper function of the trier of facts is to test "the accuracy or soundness of the opinion of the witnesses." *Foren* v. *Royal Oak* (1955), 342 Mich 451, 456. The trial judge in the instant case concluded that the opinions of the plaintiffs' experts were not supported by any actual data or study.

"Opinion testimony based on assumption rather than on facts established by proof may not be given the effect of outweighing positive testimony." *Wyatt* v. *Chosay* (1951), 330 Mich 661, 671.

The fact that more witnesses were produced on the side of the plaintiff than on the side of the defendant does not determine the weight of the evidence. It is the convincing quality of the evidence which must prevail. It became the duty of the trial judge to weigh the evidence, not just to compare the number of witnesses produced on each side. This required the formation of a judgment as to the quality of the evidence.

The determination of the special benefit question in this case was a matter of judgment, rather than a matter which could be determined with scientific accuracy. The trial judge was of the opinion and found that there was a better and more substantial basis for the opinions of the defendants' experts as to the overall effect of the improvement than there was for the contrary opinions of the plaintiffs' witnesses. The defendants' experts concluded and testified that the street improvements had materially enhanced the properties of the abutting property owners.

A review of the entire case discloses ample evidence to sustain Judge Searl's opinion and indicates that he was correct in his determination of the issues involved in the case and was not in error in giving such weight as he did to the testimony of

the defendants' two experts. The plaintiffs did not establish their position by a preponderance of the evidence.

As to the Calvin College property, the trial judge stated this property "is zoned A Residential and is to be treated in the same manner as other residential property." He cited *Foren* v. *City of Royal Oak, supra,* p 456.

"The use to which plaintiffs may put their properties now or may wish to put them in the future is not controlling of the question of resulting benefits . . ."

An assessment, otherwise legal, is not void because the lot is not benefited by the improvement owing to its present particular use. The benefit is presumed to inure to the property itself, not to the present use. *Grand Trunk Western Railway Co.* v. *City of Muskegon* (1965), 1 Mich App 489, 493; 48 Am Jur, Special or Local Assessments, § 23, page 583.

The decision of the trial court is affirmed, but without costs, a public question being involved.

BURNS, P. J., and QUINN, J., concurred.