383 P.2d 264

**In the Matter of Disbarment Proceedings Against Paul B. PALMER (Application for Reinstatement).**

**No. 5613.**

Supreme Court of New Mexico.

July 8, 1963.

Melvin D. Rueckhaus, Sutin & Jones, Albuquerque, for Paul B. Palmer

PER CURIAM.

On April 23, 1953, Paul B. Palmer was disbarred. See Ex parte Palmer, 57 N.M. 160, 255 P.2d 988. In 1961, applicant sought reinstatement, but for reasons unnecessary for the disposition of this proceeding, no final action was taken thereon. In 1962, application was again made, seeking a termination of the suspension. Thereafter, the members of the board of bar commissioners, sitting as referees for this court, held a hearing in compliance with § 21–2–1(3), N.M.S.A.1953, 1961 Supp., by stipulation of applicant to the board, and a report was submitted of their findings, conclusions and recommendations.

The report of the commissioners, omitting findings 1 and 2 which are not necessary for decision, was as follows:

"3. That petitioner, Paul B. Palmer, testified as to his personal, educational

and professional background, certain circumstances connected with the subject matter of the disciplinary proceedings against him which resulted in termination of his license to practice law, and his subsequent business, personal and family life to the date of this hearing.

"4. That petitioner was ordered disbarred May 1, 1953, for misappropriating funds collected for and belonging to a client and wrongfully commingling with his own funds monies placed with him as a trustee belonging to another client.

"5. That petitioner in words confessed and acknowledged the error of his ways in matters leading to his disbarment, and expressed contrition, remorse and his rehabilitation since that time.

"6. That a civil suit concerning a claim against the defendant for monies belonging to a client, being part of the subject matter of the original disbarment proceedings, was concluded in December, 1961, by a settlement involving a cash payment by petitioner herein of a certain principal sum of money claimed by the client as due him from the petitioner.

"7. That petitioner stated that he did not know whether or not he would practice law if his license were reinstated, but that he probably would not engage in the practice of law.

"8. That petitioner negotiated a settlement of the civil suit against him for monies misappropriated and commingled with his own .funds directly with his former client, a person of limited education and business acumen, under questionable circumstances as to petitioner's responsibility to negotiate through and advise with the attorneys representing the party adverse to petitioner herein.

"9. That the only evidence offered as to rehabilitation was petitioner's own testimony. No associates in business, attorneys or others testified on petitioner's behalf.

## "CONCLUSION

"That the petitioner has failed to sustain the burden of establishing facts showing he has rehabilitated himself, by clear and convincing evidence.

## "RECOMMENDATIONS

"Your referees recommend that petitioner's application be denied."

Applicant filed exceptions, which attacked the report in the following particulars: that finding No. 3 made no finding of fact with reference to the matters testified to by applicant; that the commissioners failed to make any findings with respect to applicant's business, personal and family life since his

disbarment; that finding No. 6 was not a finding of misconduct; that finding No. 8 concerning the negotiation of the settlement under questionable circumstances is not supported by the facts; that the commissioners failed to make findings of fact supporting the conclusion of failure to establish rehabilitation; and that, lastly, the evidence was clear and convincing that the applicant had rehabilitated himself, lived an exemplary family life, and been a good citizen. It is this final ground which is determinative, and to which our consideration will be directed.

The transcript of the testimony of the hearing before the commissioners consists, almost in its entirety, of the testimony of the applicant. The only other witness who was called, or heard, was a member of the bar whose testimony related to certain discussions with the former client of Mr. Palmer's mentioned in findings Nos. 6 and 8, but it did not, except inferentially, relate to applicant's claimed rehabilitation. It is thus necessary for us to determine whether the applicant has satisfied the burden placed upon him by our rules, to establish the facts of his rehabilitation by clear and convincing evidence.

Supreme Court Rule 3, being § 21–2–1(3), N.M.S.A.1953, 1961 Supp., effective November 1, 1960, consists of detailed provisions relating to disciplinary proceedings, and we are here particularly concerned with subsections 3.02 and 3.03.

Subsection 3.02 sets forth what shall be included in an application for termination of suspension, and requires, in part:

"(b) Facts showing he has rehabilitated himself and is otherwise entitled to have the order of suspension terminated."

Subsection 3.03 provides, insofar as material here:

"However, the burden shall be upon the applicant for termination of suspension to establish the averments of his application by clear and convincing evidence."

It would seem to be applicant's theory that inasmuch as, according to his own word, he has conducted himself in an exemplary manner, has made an effort to improve himself in conformance with good citizenship and has agreed to abide by the letter and spirit of the canons of professional ethics, that this is sufficient to satisfy the burden placed upon him of establishing his rehabilitation by clear and convincing evidence. It is to be noted that the commissioners arrived at their recommendation on the basis of applicant's testimony and that of one other witness whose evidence partially formed the basis for at least two of the findings.

■■ We have on many occasions mentioned the phrase "clear and convincing," and in particular instances have pointed out that the testimony presented either did or

did not comply with the necessary requirement. See White v. Mayo, 1931, 35 N.M. 430, 299 P. 1068; Brown v. Likens, 1933, 37 N.M. 312, 22 P.2d 848; Koprian v. Mennecke, 1949, 53 N.M. 176, 204 P.2d 440; and Hendricks v. Hendricks, 1950, 55 N.M. 51, 226 P.2d 464, all dealing with the amount of persuasion necessary to prove an implied, resulting, or constructive trust; Lindley v. Lindley, 1960, 67 N.M. 439, 356 P.2d 455, relating to an oral contract to execute mutual wills; and Sargent v. Hamblin, 1953, 57 N.M. 559, 260 P.2d 919, and Bell v. Ware, 1961, 69 N.M. 308, 366 P.2d 706, which are cases attempting to prove a deed absolute as being a mortgage. In none of these cases, however, did we discuss the meaning of the phrase. Nevertheless, in Lumpkins v. McPhee, 1955, 59 N.M. 442, 286 P.2d 299, this court clearly explained the difference between a mere "preponderance" of evidence and "clear, strong and convincing" evidence. That case had to do with a claim of fraud, but, in our judgment, the amount of proof required under the rule which we are considering is equally as high as that required in a fraud case, or any of the other cases above mentioned. It is agreed by almost all authorities, including our own cases, that clear and convincing evidence is something stronger than a mere "preponderance" and yet something less than "beyond a reasonable doubt." IX Wigmore on Evidence, 3d ed., § 2498(2) 2(3), page 329; Aiello v. Knoll Golf Club, 1960, 64 N.J.Super. 156, 165 A.2d 531; Child v. Child, 1958, 8 Utah 2d 261, 332 P.2d 981.

In this case, the members of the board of bar commissioners, although they are designated as referees in matters such as this, are actually in the similar position of a trial court who hears a case and makes findings of fact. It is the commissioners who had the opportunity not only of hearing the witness testify, but also of observing and considering his demeanor, the character of his testimony, his interest in the outcome of the case, as well as other factors bearing upon the truthfulness or untruthfulness of his testimony. Cf. Young Ah Chor v. Dulles (9th Cir., 1959), 270 F.2d 338; and compare Witt v. Skelly Oil Company, 1963, 71 N.M. 411, 379 P.2d 61. It was the unanimous decision of the six members of the board who conducted the hearing that the application should be denied. We may not lightly overturn such a recommendation, particularly where it is based upon the uncorroborated testimony of the applicant. The commissioners were not required, nor are we, to accept without question the testimony of the applicant alone. See, Broadcast Music v. Havana Madrid Restaurant Corp. (2d Cir., 1949), 175 F.2d 77, and particularly Judge Frank's discussion at page 80 of the great difference between observing the demeanor of a witness, and reading his testimony in the record. The judgment of the commissioners must be given great weight when it is realized that the testimony

was not only given by a witness directly interested in the outcome of the proceeding, without any corroboration, but also that much of the testimony of necessity related to the mental attitude of the applicant, which attitude, practically, is beyond contradiction even if untrue. It strains comprehension that not one single witness was produced to corroborate in the slightest degree any of the evidence given by the applicant regarding his activities since his disbarment, or to testify to facts substantiating his claim that he was rehabilitated and would now meet the high standards required of a member of the bar.

At 70 A.L.R.2d 268 there is an extensive annotation on the reinstatement of attorneys. Upon an examination of the cases therein annotated, we find that only in the most unusual circumstances does it appear that the applicant for readmission has not submitted, either by testimony or by affidavit, or the court has not had before it, corroborative recommendations from judges or members of the bar, and, in some instances, from businessmen. The Florida Supreme Court, in In re Dawson, (Fla. 1961), 131 So.2d 472, succinctly stated the rules regarding the showing necessary to justify readmission. See also In re Stump, 1938, 272 Ky. 593, 114 S.W.2d 1094. Compare In re Simpson, 1903, 11 N.D. 526, 93 N.W. 918, in which mention is made of the denial of a previous motion for reinstatement for failure of proof, although the case itself directed readmission. By nothing which we have said is it intended to suggest that evidence in opposition to petitioner shall not be considered, or that in a proper case provision should not be made by the commission for the presentation of such proof, if available. See In re Cate, 1926, 77 Cal.App. 495, 247 P. 231.

We do not overlook that In re Fleming, 1932, 36 N.M. 93, 8 P.2d 1063, declares that an application for reinstatement after disbarment should be treated as an application for admission to practice. That decision, however, was under our prior rules of disciplinary proceedings, and has no application to the rules under which this proceeding comes before us.

The referees were not satisfied that applicant had established, by clear and convincing evidence, that he had rehabilitated himself; and we agree. The evidence falls far short of that required under the rule enunciated in Lumpkins v. McPhee, supra.

We have carefully considered the evidence offered before the bar commissioners, their findings, conclusion and recommendations, and believe that the latter should be approved. The application for termination of suspension is therefore denied. It is so ordered.

COMPTON, C. J., and CARMODY, CHAVEZ, and MOISE, JJ., concur.

NOBLE, J., having recused himself, not participating.