498 P.2d 1353

**In the Matter of Carlos SEDILLO, Attorney At Law.**

**No. 9254.**

Supreme Court of New Mexico.

July 7, 1972.

Carlos B. Sedillo, pro se; Lorenzo A. Chavez, Albuquerque, for respondent.

Sumner G. Buell, Santa Fe, amicus curiae on behalf of Board of Bar Commissioners.

## OPINION

PER CURIAM.

This matter is reported to the Supreme Court by the New Mexico Bar Association. It arises out of a complaint filed by the Association's Ethics and Grievance Committee against Carlos Sedillo, an attorney and member of the State Bar of New Mexico, alleging various violations of the Canons of Professional Ethics. Pursuant to the Rule then in effect, a hearing before the Commission was held, at which time Mr. Sedillo and a prosecuting member of the Commission presented evidence. Following the hearing, the Commission entered findings of fact and conclusions recommending to this Court that, on the basis of the evidence adduced at the hearing, Mr. Sedillo be permanently disbarred. Mr. Sedillo, hereinafter referred to as "Respondent," contends that the Commission committed error in certain findings and conclusions and that the Commission erred in not allowing him to examine a certain witness on the basis of privilege.

The complaint alleged violations of Canons 12, 15, 16, 22, 32 and 34, arising out of a series of transactions handled by Respondent involving the sale of certain assets of Fountain Mobile Homes, Inc., hereinafter referred to as "Fountain," and All State Homes, Inc., hereinafter referred to as

"All State." The Commission found that, in arranging the sales of the assets of Fountain to All State, Respondent had knowingly misrepresented to one of the shareholders of All State that the sum paid by Fountain for the assets being transferred to All State was $65,000, when he knew the price to be $35,000. It further found that Respondent did not at any time reveal the discrepancy in purchase price to the shareholder, and that this resulted in a fraud upon the shareholder for the benefit of one or more of the other shareholders, who had formed All State for the purpose of purchasing the assets of Fountain.

The Commission found that Respondent had conspired with an officer of All State to charge an excessive fee for legal services rendered when he submitted to All State a bill for services in excess of the $100 per month retainer paid to him by All State. The fee charged by the Respondent was found to be fraudulent, excessive and unearned.

In a third group of findings, the Commission determined that Respondent had knowingly participated in efforts to fraudulently obtain duplicate certificates of title to two vehicles. Such efforts were ultimately successful and the title to one vehicle was transferred to a third party to whom Respondent was indebted, in part satisfaction of Respondent's debt. The second vehicle was sold to another third party for a check which was negotiated and the proceeds divided between Respondent and an officer of All State.

Finally, the Commission found that Respondent was paid and retained moneys for title insurance premiums, which were to be disbursed by him for title insurance on the properties transferred from Fountain to All State.

On the basis of the findings, the Commission concluded that Respondent consistently, intentionally and without regard to propriety and the ethics of the profession of law, violated the Canons of Professional Ethics adopted by the New Mexico Bar Association. In light of this conclusion, the Commission recommended that this Court permanently disbar the Respondent.

In seeking to refute the Commission's findings and recommendation, Respondent first contends that the Commission committed error when it found that Respondent was paid and retained money for title insurance premiums. Respondent asserts that the charge of retaining title insurance premiums was not included in the Grievance Committee's complaint and, therefore, was not an issue in the case. The allegation referred to was not included in the complaint.

The rules governing disbarment proceedings are contained in Supreme Court Rule 3, (§ 21–2–1(3), N.M.S.A., 1953 Comp.). Paragraph 1.10 of this Rule states in part:

"When not otherwise provided herein, the practice in disciplinary proceedings shall be governed by applicable rules or [sic] civil procedure."

No reference is made in Supreme Court Rule 3, supra, to the situation when the evidence presented does not conform to the pleadings. However, Rule 15(b), Rules of Civil Procedure (§ 21–1–1(15) (b), N.M. S.A., 1953 Comp.), which governs in the absence of a provision in the disbarment rule, states in part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * but failure so to amend does not affect the result of the trial of these issues. * * *"

It is true that the complaint of the Grievance Committee failed to allege Respondent's wrongful retention of moneys disbursed for insurance premiums. This Court has held that, in the absence of any objection to evidence on an issue raised by the pleadings, the party failing to object has impliedly consented to the amendment of the pleading to conform to the evidence. Luvaul v. Holmes, 63 N.M. 193, 315 P.2d 837 (1957). The record does not indicate that Respondent offered any objection to

the evidence brought out in the testimony of several witnesses concerning the retention of insurance premium money. Respondent cross-examined the witness concerning the premium money and, in his final statement to the Commission, made reference to the money.

We hold that Respondent impliedly consented to the amendment of the pleadings to conform to the evidence adduced at the hearings and Respondent's contention is without merit.

Respondent also contends that, even if the issue of wrongful retention of the premiums was properly tried, the finding that he wrongfully retained premium funds is not supported by clear and convincing evidence.

The standard of proof in disbarment proceedings is prescribed by Supreme Court Rule 3, supra, which states in paragraph 1.10:

"To warrant a finding of misconduct in contested cases, the facts must be established by clear and convincing evidence, * * *"

This court has held that clear and convincing evidence is something stronger than a mere "preponderance" and yet something less than "beyond a reasonable doubt." In re Palmer, 72 N.M. 305, 383 P.2d 264 (1963). For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true. See Hockett v. Winks, 82 N.M. 597, 485 P.2d 353 (1971); Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299 (1955).

Respondent argues that the evidence of his wrongful retention of moneys for the payment of title insurance premiums is not clear and convincing. We are inclined to agree. The record indicates that the Respondent received the moneys to purchase title insurance, which he placed in his trust account. The record also is clear that Respondent did not purchase the title insurance. However, these facts, clearly established by the evidence, are not sufficient to sustain a finding that Respondent wrongfully applied the funds to his own use. The Commission's finding No. 15, that Respondent was paid moneys which he retained, and conclusion No. 2, that Respondent applied to his own use these moneys, are not supported by clear and convincing evidence. However, we do not condone the procedure followed by Respondent in retaining his client's funds in his trust account, when they should have been used to purchase title insurance.

In allegations 1 through 3 of the Commission's complaint, it was alleged that Respondent participated in a fraud against a stockholder of Fountain. The Commission found that Respondent did participate and concluded that Respondent did not reveal the fraud or disassociate himself with the transaction, in violation of the Canons of Professional Ethics.

Respondent argues that he owed no duty to the stockholder of All State, the purchaser, because at the time of the alleged fraud he was representing the seller Fountain.

It is not necessary to decide Respondent's contention, because the record shows no clear and convincing evidence to support either the finding of fact or conclusion that Respondent was aware of the alleged discrepancy in the purchase price. Therefore, this Court will not consider the Commission's findings and conclusions on this point.

Respondent next contends that the Commission and the attorney representing the Board of Bar Commissioners erroneously prevented Respondent from examining witness William Newell, on the grounds that testimony might be elicited from Mr. Newell that was protected by privilege. It appears that Respondent served as attorney for Mr. Newell in matters not connected in any way with the transactions alleged in the Commission's complaint.

The record discloses that Newell was called as a witness for the Commission.

On re-cross examination, Respondent sought to elicit testimony of Newell concerning certain indictments returned in California against Newell. Respondent asked whether Newell had been indicted in California for grand theft. The prosecuting attorney objected on grounds that testimony sought by Respondent dealt with matters disclosed to Respondent while he was representing Newell in connection with the California charges. Respondent stated that the indictment was a matter of public record. Following certain statements by members of the Commission, Respondent stated that he was not going to pursue the line of questioning further and he withdrew the question. After Newell had been dismissed, a member of the Commission advised Respondent to obtain a waiver of the attorney-client privilege from Newell if Respondent intended to answer Newell's testimony concerning the California indictment. Once again Respondent stated that he withdrew the question and had no reason for pursuing the matter further.

█ It is not necessary for this Court to determine whether there existed an attorney-client privilege between Newell and Respondent. Any objections regarding Respondent's examination of the witness were waived by his withdrawal of the question and his statement to the Commission that he did not wish to pursue the matter further. Respondent cannot now claim error after his voluntary waiver.

Respondent's next contention is that the Commission erred in concluding that Respondent induced and participated in an effort to fraudulently obtain duplicate certificates of title to two vehicles, knowing that the issuance of the duplicate certificates of title was improper and illegal for payment of his own personal debt.

Respondent's basic contention is that the evidence adduced at the hearing is not clear and convincing that Respondent acted fraudulently. Respondent claims that there was no evidence that the certificates were in possession of another attorney, or that Respondent knew the certificates to be in the other attorney's custody, and that having no knowledge of the whereabouts of the original certificates, he did not act fraudulently in helping obtain duplicate certificates. On this point we cannot agree with Respondent.

█ The record indicates that Respondent justified his action with regard to the two vehicles on the basis of an alleged attorney's lien. The lien was asserted for the purpose of collecting what the Commission found to be an unreasonable, excessive and unearned fee. One of the two vehicles was transferred by Respondent to a third party in payment of a debt owed by Respondent. The other vehicle was sold for $4,750 and the proceeds divided, Respondent receiving $3,250 and Huff, an officer of All State, receiving $1,500 from the proceeds of the sale of this vehicle. The record amply supports the conclusions that Respondent invalidly, improperly and illegally attempted to assert an attorney's lien for unearned fees, and that Respondent actively participated in a scheme to defraud All State of two vehicles for his own personal gain.

In view of this Court's resolution of the issues involved in this proceeding, the recommendation of the Commission, that Respondent be permanently disbarred, is not accepted. However, the actions of Respondent indicate his intentional disregard for the propriety and ethics of the practice of law, in violation of the Canons of Professional Ethics then in effect. The Respondent should be, and he hereby is, suspended from the practice of law in the State of New Mexico for an indefinite period. Respondent may apply for termination of the suspension herein ordered after two years have elapsed from the date of the entry of this order. Costs in this proceeding are taxed against the Respondent.

It is so ordered.