513 P.2d 391

**In re Revocation of Drivers License of Jimmy D. Gober, John B. Grisolano, Rex B. Lee, Geraldine P. Stivers, Esther C. Warren.**

**STATE of New Mexico, DEPARTMENT OF MOTOR VEHICLES, Appellant and Cross-Appellee,**

**v.**

**Jimmy D. GOBER, Rex B. Lee, Geraldine P. Stivers, Esther C. Warren, Appellees,**

**and**

**John B. Grisolano, Appellee and Cross-Appellant.**

**Nos. 9696–9700.**

Supreme Court of New Mexico.

Aug. 17, 1973.

**458**

David L. Norvell, Atty. Gen., Sidney S. Jaffe, Lewis Z. Griswold, Asst. Attys. Gen., Motor Vehicle Dept., Santa Fe, for appellant.

Burr & Cooley, Tansey, Rosebrough, Roberts & Gerding, R. Thomas Dailey, Baggett & Baggett, Farmington, Richard W. Hughes, Shiprock, for appellees.

## OPINION

McMANUS, Chief Justice.

This appeal concerns the New Mexico Implied Consent Act, § 64–22–2.4 et seq., N.M.S.A. 1953. Gober, Grisolano, Lee, Stivers and Warren ("appellees") refused to submit to chemical tests to determine the alcoholic content of their blood. Pursuant to the above statutory provisions, and because of their refusals to submit to tests, each appellee's license was revoked. Each appellee then obtained a hearing before an agent of appellant Commissioner of Motor Vehicles ("Commissioner") at which testimony was received in support of and in opposition to the revocation. From the Commissioner's subsequent order sustaining the revocation, appellees appealed to the District Court of San Juan County where the cases were consolidated and heard on stipulated facts. One such stipulation was that the Commissioner's agent required only a preponderance of evidence to prove that reasonable grounds existed for the revocations.

■ The district court made findings concerning each appellee, one of which findings was:

"3. The degree of proof required for the administrative hearing officer of the Department of Motor Vehicles to sustain the revocation is not merely a preponderance of the evidence but should be 'clear and convincing.' "

Without examining the record of the administrative hearing, the court then ordered that the decisions of the Department of Motor Vehicles sustaining the revocations be reversed on the sole ground that an improper degree of proof was accepted by the hearing officer. We reverse the district court's judgment, and hold that a preponderance of evidence is all that is required to establish reasonable grounds for license revocation.

The statute regulating appeals to the district court under the Act, supra, is § 64–22–2.12(F), N.M.S.A. 1953, which states, in pertinent part:

"On appeal, it is for the court to determine only whether reasonable grounds exist for revocation or denial of the person's license or privilege to drive."

As we view it, the term "reasonable grounds" refers to portions of § 64–22–2.11 and § 64–22–2.12 of the Act. In both sections four grounds for revocation are enumerated: (1) the law enforcement officer must have had reasonable grounds to believe that the person was driving or in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor; (2) the person must have been under arrest; (3) the person must have refused to submit to a chemical test upon request of the law enforcement officer, and (4) the law enforcement officer must have advised that the failure to submit to a test could result in revocation of his privilege to drive.

Proceedings for the revocation of a driver's license are civil in nature and generally the burden of proof in such proceedings is preponderance of the evidence. State v. Pandoli, 109 N.J.Super. 1, 262 A.2d 41 (App.Div.1970); Commonwealth v. Royer, 213 Pa.Super. 17, 245 A.2d 716 (1968); 14 Blashfield, Automobile Law and Practice 141, § 468.41 (3rd ed. 1969). We therefore hold that in license revocation proceedings a preponderance of the evidence is sufficient to prove existence of reasonable grounds. However, we still recognize that in a limited number of civil matters clear and convincing evidence is required. In re Sedillo, 84 N.M. 10, 498 P.2d 1353 (1972); Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487 (1970); Bell v. Ware, 69 N.M. 308, 366 P.2d 706 (1961); White v. Mayo, 35 N.M. 430, 299 P. 1068 (1931).

Because of our intention to remand this case to the district court, it becomes necessary to decide two further issues raised by cross-appellant Grisolano. On appeal to the district court, should the licensee be given a *de novo* hearing, or is the hearing to be confined to the record of the administrative proceedings? Section 64–22–2.12, supra, does not expressly grant a trial *de novo* and the conclusion that a trial *de novo* is contemplated is reached only through extended inference. The preferred rule is that, absent a specific statutory provision, the court is confined to the record made in an administrative proceeding. Swisher v. Darden, 59 N.M. 511, 287 P.2d 73 (1955).

The second issue raised by cross-appellant is whether a tape recording is an acceptable method of preserving the record of the administrative proceedings. It is an acceptable method. Utilization of sound recordings as evidence is contemplated by the New Mexico Rules of Evidence, Rule 1001 et seq., effective July 1, 1973. Also, sound recordings are apparently acceptable under the Administrative Procedures Act, particularly § 4–32–10(E), N.M.S.A. 1953 (1971 Pocket Supp.). Rule 55 of the New Mexico Rules of Criminal Procedure specifically authorizes the use of "any mechanical, electrical or other recording" if the method has been approved by the Director of the Administrative Office of the Courts. Used properly, a tape recorder can be an efficient, accurate means of providing a record of administrative proceedings, such as those under · discussion. Therefore, no general objection to the use of such recordings prevails, and specific objections in individual cases should be made in the same manner that objections would be made to records preserved stenographically. In this case, no ruling was made by the district court on whether this particular tape recording was authentic or reliable, so that question was not preserved for review. § 21–2–1(20)(2), N.M.S.A. 1953.

Appellees argue that the case is moot. We disagree. The actual licenses are still in the hands of the appellees after the stay of revocation of same was ordered by the trial judge.

Accordingly, the cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.