**In the Matter of Joseph BROCATO, A Person Alleged to be Mentally Ill.**

**No. WD 33028.**

Missouri Court of Appeals, Western District.

Sept. 8, 1981.

Commodore M. Combs, Jr., Kansas City, for appellant.

Rick Jeffries, Asst. County Counselor, Kansas City, for respondent.

Before SOMERVILLE, C. J., and TURNAGE and MANFORD, JJ.

TURNAGE, Judge.

Joseph Brocato was ordered detained at the Western Missouri Mental Health Center for a period of twenty-one days pursuant to § 632.335.4, RSMo 1978, (Cum.Supp.1980). The parties have expedited this appeal by agreeing to a statement of facts and filing their briefs so that the matter could be heard before the expiration of the twenty-one days. At the conclusion of oral argument, this court entered its order discharging Brocato from the custody of Western Missouri and announced that this opinion would follow.

Counsel for Brocato concedes that the evidence showed that Brocato is suffering from a mental illness, but contends the evidence is not sufficient to show by clear and convincing evidence that as a result of such mental illness Brocato presents a likelihood of serious physical harm to himself or to others. In view of the concession that the evidence does show the existence of mental illness, it is unnecessary to recite the evidence which bore on that issue.

The evidence bearing on the question of whether or not Brocato presents a likelihood of serious physical harm to himself or others was as follows: Brocato was taken to Western Missouri involuntarily at 10:45 A.M. on July 5, 1981. He was placed in full restraint at the time he was admitted because he was hostile and assaultive. No evidence was adduced to show the circumstances nor the reason for Brocato being taken to Western Missouri, nor was there any evidence to explain the conclusion that he was hostile and assaultive. The restraints were removed within twelve hours after his admission.

On one occasion in the hospital, the psychiatrist who was treating Brocato stated that she would not allow him to have his

own clothing and he became angry and clinched his fists. She stated she kept her distance from him because she was fearful of what he might do. The psychiatrist also testified that Brocato had never threatened to do any harm to himself nor had he threatened any one else. She further testified that he went to meals only when he was told and that he had some substance in his nostrils because of a cold that he thought he had. The physician could find no evidence that he had a cold. There was no evidence as to the nature of the substance in his nose.

The psychiatrist testified that Brocato was confined in the lowest level of precaution. The progress notes in his medical chart for the 10th, 11th and 12th of August stated that Brocato was friendly and cooperative on approach with no problem.

There was evidence that Brocato lived with at least one brother and that he would frequently leave the house late at night. In the last week of July he was the victim of an assault and returned home with a gash on his lip. He did not want to go for medical treatment, but on the urging of his family he did so, and multiple stitches were taken in the lip.

There was no evidence indicating Brocato's height or weight or his physical condition with reference to nourishment. At the conclusion of the hearing on August 12, the court found that Brocato had put objects in his nose which he could aspirate and injure himself. The court was of the view that the evidence was sufficient to show by clear and convincing evidence that Brocato presents a likelihood of serious physical harm to himself within the meaning of § 632.005(9)(b), which provides as follows:

"(b) A substantial risk that serious physical harm to a person will result because of an impairment in his capacity to make decisions with respect to his hospitalization and need for treatment as evidenced by his inability to provide for his own basic necessities of food, clothing, shelter, safety or medical care; . . . ."

On this appeal the parties agree the only question is whether or not the evidence is sufficient to show a likelihood of serious physical harm within the meaning of subparagraph (b). It is agreed there is no evidence of any threats or attempts on the part of Brocato to harm himself under subparagraph (a), or threats of harm to others under subparagraph (c) of § 632.005(9).

The attorney general states the placing of substances by Brocato in his nose, which the court found could be aspirated and possibly cause harm, constitutes the strongest evidence to support the court's order. As noted, this evidence failed to name the substance or describe it in any way. Further, the evidence failed to reveal on how many occasions this may have happened or where. Without any further evidence, it is impossible to determine the facts upon which the court made this finding, and as a result, the finding stands without any evidentiary support. The attorney general also contends that the fact that Brocato had to be told to eat while in the hospital would support the order. Again, the evidence did not show the number of occasions this occurred, nor was there evidence to show that it occurred prior to the time Brocato entered the hospital. As is pointed out above, there is no evidence to show Brocato's physical condition, especially with reference to height, weight and appearance as related to nourishment. Again, without any facts in evidence there is no evidentiary support for a finding that Brocato was incapable of eating on his own. The attorney general did not urge any other factual basis in support of the court's order.

Section 632.335 requires the court to find the likelihood of serious physical harm upon clear and convincing evidence. This court, in *Matter of O'Brien*, 600 S.W.2d 695 (Mo. App.1980), cited with approval the definition of "clear and convincing" as found in *In re Sedillo*, 84 N.M. 10, 498 P.2d 1353, 1355 (1972). Under the definition of "clear and convincing evidence" in *Sedillo*, the court must find that the evidence instantly tilts the scales toward a finding of a likelihood of serious physical harm.

This court is unable to say that the evidence detailed above, and particularly that

relied upon by the attorney general, instantly tilts the scales toward a finding that Brocato presents a likelihood of serious physical harm to himself. Accordingly, the judgment is not supported by substantial evidence and is reversed. *Matter of O'Brien,* at 698. For that reason Brocato has already been discharged from the custody of Western Missouri Mental Health Center.

All concur.