**In the Matter of Randy BELL, A Person Alleged to be Mentally Ill.**

**Randy BELL, Appellant,**

v.

**Laird E. JONES, M.D., Respondent.**

**No. WD 35174.**

Missouri Court of Appeals,
Western District.

Oct. 18, 1983.

Commodore M. Combs, Jr., Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, John Oldenburg, Jr., Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P.J., and SOMERVILLE and LOWENSTEIN, JJ.

MANFORD, Presiding Judge.

Randy Bell was initially committed involuntarily to the Western Missouri Mental Health Center on July 27, 1983 for a period of twenty-one days, pursuant to § 632.335.-4, RSMo 1978 (Cum.Supp.1982). Thereafter, respondent filed a timely petition to continue in-patient treatment for appellant, pursuant to § 632.330, 632.340, and 632.350, RSMo 1978 (Cum.Supp.1982).

This appeal was expedited by the parties by agreeing to a statement of facts and prompt filing of their briefs. At the conclusion of oral argument, this court entered its order discharging Bell from the custody of Western Missouri, and announced that this formal opinion would follow.

There is agreement between counsel for both parties that Bell suffers from a mental illness, but counsel for Bell contends that the evidence is insufficient to show by clear, cogent, and convincing evidence that as a result of such mental illness, Bell presents a likelihood of serious physical harm to himself or to others. For purposes herein, it is unnecessary to recite the evidence which bears on the question of mental illness.

The evidence bearing on the issue of whether or not Bell presents a likelihood of serious physical harm to himself or others was as follows: An officer of the Lee's Summit, Missouri Police Department was called to Bell's residence, because Bell started a fire. The officer asked Bell for an explanation, and Bell responded in an incoherent manner. Bell became resistive and

was restrained by the officer. Bell was then removed to Missouri Western.

A resident in psychiatry at Western Missouri Mental Health Center testified that he had treated Bell since Bell's detention. Bell's hospital chart was admitted into evidence. Bell's examination revealed that Bell was loose in associations, was incoherent, had memory gaps, and could not account for portions of his past. Other examinations of Bell followed, the most recent being on August 15, 1983.

Bell refused to cooperate in his treatment. He claimed that the medicine given him was "burning his insides out." Bell evidenced a suspicion of being used as a guinea pig and suspected that the doctors had placed a device in his stomach. Bell refused physical and psychological testing.

The treating physician noted improvement in Bell. The record shows a notation by a team member that Bell was ready to go home. The physician also noted Bell's refusal to continue using his medicine if released. The treating physician filed the petition requesting extended care, to which Bell filed his motion to dismiss. The Probate Division of the 16th Judicial Circuit Court, after hearing, ordered Bell to be confined for the extended care. This appeal followed.

Section 632.335 requires the court to find the likelihood of serious physical harm upon clear, cogent and convincing evidence. This court has previously cited, with approval, the definition of "clear and convincing" expressed in In re Sedillo, 84 N.M. 10, 498 P.2d 1353, 1355 (1972) in this court's previous opinion in In re O'Brien, 600 S.W.2d 695 (Mo.App.1980). See also In re Brocato, 621 S.W.2d 547 (Mo.App.1981).

From the record before it, this court is unable to hold that the evidence herein instantly tilts the scales toward a finding that Bell presents a likelihood of serious physical harm to himself or others. Accordingly, the judgment is not supported by substantial evidence and is hereby reversed. O'Brien and Brocato, supra. For that reason, Bell has already been discharged from the custody of Western Missouri Mental Health Center.

All concur.