In the Matter of N.B., A Person Alleged to be Mentally Ill.

No. WD 35803.

Missouri Court of Appeals, Western District.

June 12, 1984.

Fred Rich, Legal Aid of Western Missouri, Kansas City, for appellant.

Terry Dolence, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P.J., and SHANGLER and NUGENT, JJ.

CLARK, Presiding Judge.

Appellant, a prior resident of Buchanan County, voluntarily admitted herself to St. Joseph State Hospital for treatment January 18, 1984. When she attempted to leave the institution on January 26, 1984, she was prevented from doing so and on February 1, 1984, proceedings for involuntary commitment under § 632.330, RSMo Supp. 1983 [1] were filed. After hearing, an order pursuant to § 632.335 for twenty-one day commitment was issued by the court. This was followed by a petition filed by respondent on February 21, 1984 under § 632.340 seeking an order for ninety day detention. The trial court granted the order and this appeal was prosecuted. We have previously ordered appellant released from involuntary custody pending preparation of this opinion.

The question in this case, common to similar cases of involuntary treatment for mental illness, is whether the petitioning party has shown by clear, cogent and convincing proof that the person alleged to be mentally ill presents a likelihood of serious physical harm to himself or others. It is not enough that the person be shown to have exhibited abnormal or irrational behavior or in fact be in need of treatment for mental illness. The proof must be of such a quality as to instantly tilt the scales toward a finding that absent involuntary confinement, there is the likelihood that the person in question will cause serious physical harm to himself or others. *In Re O'Brien*, 600 S.W.2d 695 (Mo.App.1980); *In Re Brocato*, 621 S.W.2d 547 (Mo.App.1981); *In Re Bell*, 659 S.W.2d 802 (Mo.App.1983).

The only evidence in this case came from Dr. N.H. Vishwandth who testified that appellant suffered from schizophrenia-paranoia. By reason of this condition, the patient was not, in the doctor's opinion,

1. All statutory references are to RSMo Supp. 1983.

able to make decisions concerning her medical treatment or need for medication and she had therefore decided irrationally that she would not take the medication prescribed and would not remain at the hospital. There was no evidence as to what medication was prescribed.

The doctor also testified that appellant believed she was possessed of great wealth which others were attempting to confiscate, that she is being falsely persuaded to sign papers affecting her assets and is threatened by her family and persons in the hospital. In addition, the doctor noted a report from a relative that appellant had tried to starve herself and, in his opinion because of her delusions, appellant "may do something." Physically, appellant was stated to be in fairly good health with average intelligence, a high school education, an interested family and financial resources.

This evidence fails to demonstrate any likelihood that appellant will cause physical injury to anyone, including herself. The most which can be said of the case is that appellant entertains some delusions and has refused a continuation of treatment at St. Joseph State Hospital. She has neither caused nor threatened to cause injury to any person, is not shown to have exhibited any tendency to violence and has not been diagnosed by the testifying doctor as predictably inclined to any such act. There was no proof here which instantly tilts the scales to apprehension or serious physical harm. The judgment of the trial court was therefore not supported by substantial evidence and is reversed. In accordance with that decision, appellant has previously been ordered discharged from the custody of the St. Joseph State Hospital.

All concur.