748 P.2d 973

Nicholas J. ROWLEY and Ann L. Rowley, his wife, Plaintiffs–Appellees,

v.

Frank MURRAY, as Mayor; Cleo Carpenter, Lynn Martin, James B. Moss, Michael Johnson, J.R. Dickenson, and Pat Sandoval, as Members of the City Commission of the City of Clovis; and City of Clovis, New Mexico, a municipal corporation, Defendants–Appellants.

No. 9329.

Court of Appeals of New Mexico.

Nov. 10, 1987.

Richard F. Rowley, II, Rowley and Parker, P.C., Clovis, for plaintiffs-appellees.

Michael T. Garrett, David F. Richards, Garrett & Richards, Clovis, for defendants-appellants.

## OPINION

MINZNER, Judge.

Defendants, members of the city commission and the City of Clovis, appeal the district court's decision striking an assess-

ment of benefits against plaintiffs' property as part of an improvement district created by provisional order. *See* NMSA 1978, § 3–33–12 (Repl.Pamp.1984). Defendants contend the court erred in concluding that "[t]he determination of benefits by the City is not supported by substantial evidence, and is the result of arbitrary and capricious conduct." Defendants argue, in effect, that the court failed to give sufficient deference to the city's determination of benefit. The appeal raises an issue of first impression: whether NMSA 1978, Section 3–33–13(C) (Repl.Pamp.1984) provides for a trial de novo in district court or confines the district court to a review of the record made before the city commission. On these facts, the decision below must be reversed, and the case remanded to the district court for further proceedings.

## BACKGROUND.

Plaintiffs own approximately ten acres of land that they acquired in two separate transactions. They originally purchased a house located on approximately two acres of land, fronting on East 21st Street. Several years later they purchased a larger parcel, approximately eight and one-half acres, located immediately west of their residence and extending to Norris Street. The larger parcel contains a three-acre unplatted tract.

Most of plaintiffs' ten acres is subject to restrictive covenants, as is the land to the east, all of which is part of Parkview Addition. The record discloses that plaintiffs and their neighbors to the east own residences with a substantial set-back from East 21st Street, that they also keep horses in the open area south of the residences, and that the horses roam freely in that area. Due to the covenants, and to the manner in which plaintiffs' home was located on the original two-acre parcel, an additional residence is not possible on any of the land plaintiff owns within Parkview Addition. Plaintiffs have made several improvements, including a tennis court, a three-car garage, a swimming pool, and a four-horse barn.

The city created an improvement district in order to widen Norris Street and add curb, gutter, and sidewalks as it extends south from East 21st Street. Prior to the improvements, Norris Street was a county line road consisting of one penetration of oil over a compacted base roadway.

The city did not attempt to assess any benefit for the improvement against that portion of plaintiffs' property that lies within Parkview Addition. However, as to the approximately three acres that is unplatted, the city estimated a benefit of $25,238. There was testimony at trial that the assessed cost attributable to plaintiffs, based on this estimated benefit, would be $7,240.62. However, the issue at trial was the assessed benefit, not the assessed cost.

In estimating the benefits, the city's expert determined that the highest and best use of the unplatted tract was further residential development. At trial, he testified that the tract could be developed profitably either as single-family residential property or as multi-family residential property. He used the same formula and benefit figures in estimating the benefit for the unplatted area as in estimating the benefit for other areas along Norris Street. The evidence at trial indicated that the city had determined conventional improvements, which include the paving and curb and gutter improvements at issue here, increase the value of an unimproved 70–foot lot by $5,900. Based on these figures, the city generally assessed benefits of $9.00 per front foot for the curb and gutter improvements, and benefits of $0.12 per square foot for the paving improvements.

Plaintiffs produced expert testimony that the unplatted area was not sufficiently deep throughout its length to make residential development in that area economically feasible. The expert further testified that the development contemplated by the city would decrease the value of the area located in Parkview Addition. There was evidence at trial that plaintiffs had acquired the additional eight acres from a prior owner who, although interested in developing the unplatted area, had been unsuccessful in interesting a developer.

The city's expert relied on a hypothetical development within the unplatted area, which included thirteen or fourteen lots fronting on Norris Street. Although the west side of Norris Street is developed, or is being developed, it does not appear that any of the lots front on Norris Street. One of the lots included in the hypothetical development is unusually narrow; consequently, that lot afforded limited choices for locating a residence on it.

The district court found that the unplatted land:

> Lying immediately East of the Parkview Addition, which is owned by the Plaintiffs, is of such size, configuration and location, that it cannot be reasonably nor economically developed or used for any purpose other than that to which it is now being used, that being the running of horses or other types of livestock.

The court concluded that the benefit determined by the city lacked a reasonable basis.

It is clear from the record on appeal that in the district court, defendants relied on the rule adopted in *Clayton v. City of Farmington*, 102 N.M. 340, 343, 695 P.2d 490, 493 (Ct.App.1985), that benefits from an improvement district can be determined by considering "reasonable future uses to which the property can be put." It is also clear that, based on the evidence presented to it at trial, the district court was not persuaded that the future use to which defendant's expert testified was economically feasible.

Plaintiffs contend that the issue on appeal from the district court is one of substantial evidence. *See McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968). Defendants contend that the standard of review by the district court is whether there was substantial evidence to support the city's determination of benefit and the question on appeal is whether the district court erred in applying that standard.

At trial to the court, both parties introduced evidence through witnesses and exhibits. The exhibits included a number of documents related to the city's determination of benefit, including a resolution approving the reports presented to it and ordering, among other things, an assessment of benefits in accordance with those reports. *See* NMSA 1978, § 3–33–11 (Repl. Pamp.1984). However, there is no record of the hearing subsequent to the resolution at which written protests were heard and the final determination made. *See* §§ 3–33–12, –13. On appeal, this court has been asked to review findings and conclusions entered after what appears to have been a de novo hearing before the district court. In order to answer the arguments presented on appeal, we must consider first the scope of the district court's review under Section 3–33–13(C). Because the case must be remanded, we also discuss the standard of review.

## SCOPE OF DISTRICT COURT REVIEW UNDER SECTION 3–33–13(C).

Section 3–33–13(C) provides, in pertinent part, that "any person who during the hearing filed a written protest with the governing body protesting the construction of the improvement may commence an action in district court to correct or set aside the determination of the governing body." Section 3–33–13 does not, however, address the question of whether the action in district court is de novo or on a record of the protest hearing. Our research has not revealed much case law of assistance in other jurisdictions. That may be because statutory formulations of the city's power and provisions for judicial review vary. *See* NMSA 1978, § 3–33–16(D) (Repl.Pamp. 1984); *City of Lawton v. Akers*, 333 P.2d 520 (Okl.1958); 70A Am.Jur.2d, *Special or Local Assessments* § 174 (1987).

In *State, Dep't of Motor Vehicles v. Gober*, 85 N.M. 457, 513 P.2d 391 (1973), the supreme court determined that on appeal to the district court from an administrative hearing, an individual whose driver's license had been revoked should be given a hearing "confined to the record of the administrative proceedings" and not a trial de novo. *Id.* at 459, 513 P.2d at 393. The court noted that the statute in issue, NMSA 1953, Section 64–22–2.12(F), did not "expressly" grant a trial de novo and that appellant's argument that a de novo proceeding was contemplated by the statute,

was reached "only through extended inference." *Id.* Thus, reasoned the court, "[t]he preferred rule is that, absent a *specific* statutory provision, the court is confined to the record made in an administrative proceeding." *Id.* (emphasis added).

Further, in *Swisher v. Darden,* 59 N.M. 511, 287 P.2d 73 (1955), the supreme court adopted the following view:

"It is a general rule that in the absence of a statute so providing, a court is confined on review proceedings to the record made in the proceeding below, and may not hear new or additional evidence, unless the proceeding is a trial de novo. The same principle is applied in the field of review of administrative action, and the general rule is that in the absence of a statute providing otherwise, the review is limited to the record made in the administrative proceeding, and the courts decline to hear new or additional evidence to review or revise findings of fact made by the administrative tribunal * * *. To allow findings to be attacked or supported in court by new evidence would substitute the court for the administrative tribunal * * *."

*Id.* at 515–16, 287 P.2d at 76 (citing 42 Am.Jur. *Public Administrative Law* § 224).

Thus, *State, Dep't of Motor Vehicles v. Gober* and *Swisher v. Darden* stand for the proposition that absent a specific statutory provision to the contrary, an appeal from an administrative hearing will be based solely on the administrative record. Since Section 3–33–13(C) does not specifically grant a trial de novo in the district court, the issue is whether district court review provided by Section 3–33–13(C) is analogous to an appeal from an administrative hearing. We believe it is.

The standard of review by the district court is whether the city acted arbitrarily in reaching its decision. *See Clayton v. City of Farmington.* This standard reflects a respect for the governing body's legislative function. *See Feldhake v. City of Santa Fe,* 61 N.M. 348, 300 P.2d 934 (1956). The supreme court in *Feldhake* noted: "[t]he courts cannot legislate and

any legislative action by a duly constituted legislative body is final and binding as far as the courts are concerned except for the existence of fraud or such arbitrary conduct as amounts to fraud." *Id.* at 356, 300 P.2d at 939.

▪ Under our prior decisions, the district court reviews action taken by a governing body rather than making an independent decision concerning the most desirable method of assessment. *See Clayton v. City of Farmington.* Thus, the district court should consider only the evidence presented to the city commission and determine whether that evidence adequately supports the city's action. *Abbenhaus v. City of Yakima,* 89 Wash.2d 855, 576 P.2d 888 (1978). As the Washington Supreme Court has observed:

This result most effectively carries out the legislative intent in limiting court involvement in assessment proceedings. Review under the statutory standards should not be an independent consideration of the merits of the issue but rather a consideration and evaluation of the decision-making process. * * * Further, this result requires complaining parties to place all relevant information and objections before the proper decision-making body, * * * prior to the municipality's decision, instead of permitting later attack in the superior court based upon information which the municipality did not have the opportunity to consider.

*Id.* at 859–60, 576 P.2d at 891 (citations omitted).

An additional benefit of the rule we adopt is that the district court can more easily determine whether the governing body considered valid objections raised by affected property owners. If it is apparent that the authorities to whom the initial decision has been entrusted have tried to balance the objections raised against the basic elements of a necessary project, this factor should be weighed in favor of the project. *See Comment, Special Assessments for Road Improvement Projects in Michigan—What Standard of Trial Court Review?,* 20 Wayne L.Rev. 1073, 1094 (1974).

■ For these reasons, we conclude that district court review under Section 3–33–13(C) is limited to a review of the record made before the governing body. On these facts, the district court lacked jurisdiction to conduct a de novo hearing; therefore, the order entered must be reversed.

## STANDARD OF REVIEW UNDER SECTION 3–33–13(C).

Because the case must be remanded, we briefly address the particular issue to be addressed on remand. Generally speaking, courts have considered widening a street to confer a special benefit on at least the abutting property. *See generally* Annot., *Widening of City Street as Local Improvement Justifying Special Assessment of Adjacent Property,* 46 A.L.R.3d 127 (1972). In exceptional circumstances, where the evidence before the governing body shows no benefit, a special assessment may be considered a fraud in law. *Fluckey v. City of Plymouth,* 358 Mich. 447, 100 N.W.2d 486 (1960).

■ A special benefit that will support a special assessment must be one that has been conferred over and above that conferred upon the community itself. *See Wabeke v. City of Holland,* 54 Mich.App. 215, 220 N.W.2d 756 (1974). The benefit may take various forms: an increase in value, a relief from a burden, or the creation of a special adaptability in the land. *See Fluckey v. City of Plymouth.* The use to which plaintiffs may put their properties now or may wish to put them in the future is not controlling. *Foren v. City of Royal Oak,* 342 Mich. 451, 70 N.W.2d 692 (1955). The ultimate question is whether there is a reasonable basis for the governing body's decision. *See Fluckey v. City of Plymouth; Comment,* 20 Wayne L.Rev. at 1080–81.

■ In *Wabeke v. City of Holland,* the court observed that the questions of whether there is any special benefit and the amount of that benefit, if any, is a decision best made by the legislative body imposing that assessment. Courts should be reluctant to disturb that decision unless there is evidence of fraud, mistake, or discrimina-

tion or the absence of any benefit is clear. *Id.* We agree with that observation.

■ The district court is entitled to conclude that a decision by the city is arbitrary if it is not based on sufficient evidence. *See Haynes v. City of Abilene,* 659 S.W.2d 638 (Tex.1983). While the district court is not free to substitute its judgment for that of the city, it need not accept the city's evidence uncritically. *Id.* Where there is room for two opinions, however, an action taken after due consideration is not arbitrary and capricious, even though a reviewing court may believe it to be erroneous. *Abbenhaus v. City of Yakima.*

When benefit is determined by considering the "reasonable future uses to which the property can be put," *see Clayton v. City of Farmington* 102 N.M. at 343, 695 P.2d at 493, the question of whether a future use is reasonable is a question of fact for the city to determine in the first instance. However, the city's determination is subject to review, *see id.,* and, if the district court finds that the city's determination is not supported by substantial evidence, such a finding will support a conclusion that the city's action has been arbitrary as a matter of law. *See Fluckey v. City of Plymouth.*

The district court must make findings and conclusions. *See Bowdich v. City of Albuquerque,* 76 N.M. 511, 416 P.2d 523 (1966). The district court's findings must be supported by substantial evidence, *id.,* and the party seeking relief in district court has the burden of proof to show that such findings are not supported by substantial evidence. *See Shalit v. City Comm'n of City of Albuquerque,* 62 N.M. 55, 304 P.2d 578 (1956). However, the question on appeal is not the typical substantial evidence review. *Cf. McCauley v. Ray.*

We agree with defendants that the city's determination of benefit should be affirmed by the district court, unless it determines that the absence of any benefit is clear or unless there is evidence of fraud, mistake, or discrimination that amounts to arbitrary conduct. *See Fluckey v. City of Plym-*

*outh.* We also agree with defendants that the issue on appeal is whether the district court properly applied the relevant standard of review to the city's determination.

If the issue on appeal had been whether there was substantial evidence to support the district court's findings after a de novo hearing, we would have affirmed the order entered. Since the issue on appeal is whether the district court properly applied the relevant standard of review to the city's determination, however, this court, as well as the district court, must focus on the basis for the city's determination. While the record on appeal discloses the basis for the preliminary determination of benefit, we do not know the basis on which defendants rejected plaintiffs' protest. In our view, the scope of the district court's review includes both bases. Under these circumstances, the order entered must be reversed, and the cause remanded for further proceedings.

**CONCLUSION.**

The district court lacked jurisdiction to conduct a de novo hearing and, thus, the judgment entered is reversed and the cause is remanded to the district court for purposes of holding a review of the record on appeal from the city commission. If no record of the hearing before the commission was preserved, the district court shall remand the matter to the commission for further proceedings. No costs are awarded. Although defendants have requested oral argument, it is the decision of the panel that oral argument is not necessary. *See Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

IT IS SO ORDERED.

GARCIA and APODACA, JJ., concur.