This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39182**

**SCOTT C. SMISET,**

Appellant-Respondent,

v.

**NEW MEXICO TAXATION & REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION,**

Appellee-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

Law Office of Matt Madrid
Matthew J. Madrid
Las Cruces, NM

for Respondent

Hector H. Balderas, Attorney General
Kenneth E. Fladager, Special Assistant Attorney General
Santa Fe, NM

for Petitioner

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** This appeal arises from an administrative hearing officer's (AHO) order applying 22.600.6.16 NMAC to rule that Scott Smiset forfeited his right to a hearing under the Implied Consent Act, NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2019) (the Act), and sustaining the revocation of his driver's license. Following an order by the district court rescinding the AHO's revocation of Smiset's license, the Motor Vehicle Division (MVD) appeals. MVD argues that the district court erred in rescinding

the revocation as it considered evidence outside the administrative record. We agree and hold that in considering such evidence, the district court abused its discretion. Accordingly, we reverse.

**BACKGROUND**

**{2}**     On July 27, 2019, Smiset was issued a driving while intoxicated (DWI) citation and a notice of revocation after he refused to submit to a chemical test to determine his blood or breath alcohol content. The notice of revocation explained that, pursuant to the Act, Smiset's driver's license would be revoked in twenty days. Through his counsel, Smiset timely requested a hearing on the revocation, which was set for September 30, 2019. A letter notifying Smiset of the time, date, and place of the administrative hearing was sent by certified mail to Smiset's attorney on September 3, 2019, and signed for by the attorney's staff on September 9, 2019. On the date of the hearing, the AHO entered a brief recording noting that neither Smiset nor his attorney appeared for the hearing before the conclusion of the ten-minute grace period and sustained the license revocation. Smiset did not file a request with the AHO to reschedule the hearing within the time remaining under the statute.

**{3}**     In November 2019, Smiset filed his notice of appeal to the district court. Months later, in April 2020, Smiset also filed a notice of amendments in support of his appeal, which included two affidavits that were not part of the administrative hearing's record proper. At a hearing on the merits, the district court considered the testimony of those affidavits and ultimately determined that because "counsel's employee did not inform counsel of the hearing notice" Smiset had not received adequate notice of the September 2019 hearing, and was therefore entitled to a new hearing. MVD sought a writ of certiorari before this Court, which we granted.

**DISCUSSION**

**{4}**     MVD asserts that district court erred in considering evidence outside the administrative record and reversing the revocation of Smiset's license for lack of due process.[1]

**Standard of Review**

**{5}**     We review the district court's order for an abuse of discretion. *Dixon v. N.M. Tax'n & Revenue Dep't.*, 2004-NMCA-044, ¶ 11, 135 N.M. 431, 89 P.3d 680. "We conduct the same review of an administrative order as the district court sitting in its appellate capacity, while at the same time determining whether the district court erred in

---

[1]The record is not clear as to whether the district court based its reversal on the insufficiency of notice as a matter of due process. To the extent the district court found certified mail to Smiset's counsel inadequate notice, the district court erred as a matter of law. It is well-settled that due process in a civil administrative proceeding like this one requires only notice reasonably calculated to apprise the litigant of the date and time of the hearing and that notice to counsel is sufficient. *See Maso v. N.M. Tax'n & Revenue Dep't*, *Motor Vehicle Div.* 2004-NMSC-028, ¶ 10, 136 N.M. 161, 93 P.3d 286. We therefore proceed to address MVD's other arguments.

the first appeal." *Gallup Westside Dev., LLC v. City of Gallup*, 2004-NMCA-010, ¶ 10, 135 N.M. 30, 84 P.3d 78 (internal quotation marks and citation omitted). "[E]ven when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo. Accordingly we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted).

**In Considering Evidence Outside the Administrative Record, the District Court Abused Its Discretion**

**{6}** In New Mexico, it is a well-established rule that "district courts engaged in administrative appeals are limited to the record created at the agency level." *Earthworks' Oil & Gas Accountability Project v. N.M. Conservation Comm'n*, 2016-NMCA-055, ¶ 15, 374 P.3d 710 (internal quotation marks and citation omitted). We have "uniformly held the hearing of an administrative appeal at the district court level is an appellate procedure, *not a trial de novo*." *Rio Grande Chapter of Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 17, 133 N.M. 97, 61 P.3d 806 (internal quotation marks and citation omitted). "It is not the function of a court acting in an appellate capacity to admit new evidence or substitute its judgment for that of an administrative agency." *Earthworks' Oil & Gas Accountability Project*, 2016-NMCA-055, ¶ 15. Consequently, "absent a specific statutory provision to the contrary, an appeal from an administrative hearing will be based solely on the administrative record." *Rowley v. Murray*, 1987-NMCA-139, ¶ 16, 106 N.M. 676, 748 P.2d 973.

**{7}** The AHO's decision to revoke Smiset's license was premised upon 22.600.6.16 NMAC, under which an AHO shall sustain a revocation when a driver forfeits his or her right to a hearing. This section, in relevant part, provides

> If a driver who has requested a hearing fails to appear at the scheduled time and place, either in person or through an authorized representative attorney, and notice was given to the driver or to the driver's representative of the date, time and place of the hearing, and no continuance has been granted, the right to a hearing shall be forfeited and the revocation shall be sustained. In considering the non-appearance and whether the person received appropriate notice, the hearing officer may consider the contents of the administrative file, information conveyed to or known by administrative hearings office staff, information related to mailing, including mail tracking, returned receipt information . . . all of which shall be addressed on the record of the hearing or in any subsequent order. . . . If a driver waives the right to a hearing . . . the right to a hearing shall be forfeited and the revocation shall be sustained.

**{8}** Regulation 22.600.6.13 of the New Mexico Administrative Code also delegates to a hearing officer "the duty to conduct fair and impartial hearings" and "to take all necessary action to avoid delay in the proceedings," including the duty to schedule,

continue, and reschedule hearings. Despite the AHO's express authority to control her schedule, the district court failed to consider that Smiset did not ask the hearing officer to reschedule the hearing. Pursuant to 22.600.6.11 NMAC, an AHO may "for good cause continue the hearing." Requests for continuances must be: (1) "in writing," (2) made "at least three working days prior to the scheduled hearing," and (3) for "good cause" shown. 22.600.6.11 NMAC. Additionally, an AHO may grant a continuance that is not made "in writing at least three working days prior to the scheduled hearing" if the moving party demonstrates "extraordinary circumstances that the requesting party could not have known earlier." 22.600.6.11 NMAC.

{9}     Here, the district court considered the affidavits provided by Smiset, in which he presented evidence, which he claimed amounted to extraordinary circumstances. These affidavits, however, were not included in the administrative record or presented to the AHO. In its order, the district court does not cite a statutory provision authorizing it to consider evidence outside the administrative record, nor do the parties direct us to such a provision. *See Rowley*, 1987-NMCA-139, ¶ 16. Moreover, our own review of the district court's order, as well as the administrative record before that court, reveals that the district court's conclusion that because "counsel's employee did not inform counsel of the hearing notice, [Smiset] was deprived of adequate notice of the scheduled hearing," was premised upon its reliance on the out-of-record affidavits. In reviewing a district court's decision, in which the district court served in an appellate capacity and considered the validity of an agency decision, we cannot uphold a conclusion of law based on evidence not considered by the AHO. *Gallup Westside Dev., LLC*, 2004-NMCA-010, ¶ 10; *Earthworks' Oil & Gas Accountability Project*, 2016-NMCA-055, ¶ 15.

**CONCLUSION**

{10}    We, therefore, reverse and remand for proceedings consistent with this opinion.

**{11}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**